**FILED - GR**
November 18, 2010 2:01 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ald__/_____ SCANNED BY _44_/_11/9_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FOREWORD MAGAZINE, INC.,
a Michigan corporation,

       Plaintiff,

          vs.

OVERDRIVE, INC.,
a Delaware Corporation,

       Defendant.
_____/

Case No.

Honorable

**1:10-cv-1144**
**Paul L Maloney**
**Chief U.S. District Judge**

Enrico Schaefer (P43506)
John Di Giacomo (P73056)
TRAVERSE LEGAL, PLC
Attorneys for Plaintiff
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico@traverselegal.com
john@traverselegal.com
*Attorney for Plaintiff*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, ForeWord Magazine, Inc., by and through its attorneys, Traverse Legal, PLC, states:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, ForeWord Magazine, Inc., is a Michigan Corporation with its principal place of business in Traverse City, Michigan.

2. Defendant, OverDrive, Inc. ("OverDrive"), is a Delaware Corporation with its principal place of business in Cleveland, Ohio.

3.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

4.     This court has supplemental jurisdiction over the claims in this Complaint that arise under the common law in the State of Michigan pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over Defendant OverDrive, Inc.  Defendant has: (a) committed intentional and tortuous acts within this State; (b) conducted substantial business within this State related to the unlawful activity at issue in this Complaint; and (c) otherwise has purposely availed itself of this forum.

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and because Defendant was subject to personal jurisdiction within this judicial district at the time the action was commenced.

## II. PLAINTIFF'S MARKS

7.     Since 1998, Plaintiff has consistently and extensively used the FORE WORD mark in commerce as a designator of origin for its high quality magazine goods and book reviews.

8.     Plaintiff was granted registration with the US Patent and Trademark Office for its FORE WORD mark on December 7, 1999 (Registration Number 2298197).  See Exhibit A, USPTO Registration for FORE WORD.

9.     On or about March 12, 2001, Plaintiff registered the <forewordreviews.com> domain name.

2

10.     Since that date, Plaintiff has consistently used the FOREWORD REVIEWS mark on its <forewordreviews.com> domain name and website as an indicator of source of high quality magazine goods and book review services.     See Exhibit B, May 17, 2001 WayBackMachine Archive.

11.     As a result of the use of the FOREWORD REVIEWS mark in commerce for over nine years, Plaintiff's FOREWORD REVIEWS mark has become well and favorably known across the United States and, consequently, Plaintiff has acquired common law trademark rights in and to its FOREWORD REVIEWS mark.

### III.  PRIOR DEALINGS OF THE PARTIES

12.     On March 12, 2001, Defendant OverDrive registered the <forewordreviews.com> domain name with the knowledge and acquiescence of Plaintiff.     See Exhibit C, <forewordreviews.com> WHOIS.

13.     On March 12, 2001, Defendant OverDrive also registered the <forwardreviews.com> domain name without the knowledge or acquiescence of Plaintiff.  See Exhibit D, <forwardreviews.com> WHOIS.

14.     On April 20, 2001, Plaintiff entered into a Memorandum of Understanding with Defendant under which the two parties were to operate as a joint venture.  See Exhibit E, Memorandum of Understanding.

15.     Under this joint venture, Plaintiff and Defendant were to create an electronic marketplace for the development, distribution, and sale of on-line professional book reviews.

16.     Under the joint venture, Plaintiff was to provide leadership and operational structure, while Defendant was to provide the web portal engineering and database design for the e-commerce website.

3

17. On July 26, 2005, Defendant filed a Complaint within the Court of Common Pleas for Cuyahoga County Ohio under Case No. CV 05 568319. This Complaint sought an accounting for any benefit received as a result of the joint venture and alleged that Plaintiff ForeWord Reviews had attempted to prohibit Defendant Overdrive from participating in the joint venture.

18. This lawsuit was settled in February 2006 and, at that time, both Plaintiff and Defendant executed a Settlement Agreement on February 5, 2006.

19. Under the terms of the Settlement Agreement, Defendant OverDrive was to "execute all documents necessary to effectuate the transfer of ForeWord of all the domain name and URL "forewordreviews.com" and releases any claim of right or interest, if any, in the trademark use of the word "ForeWord." See Exhibit F, Settlement Agreement.

Despite Defendant's agreement to release any claim of right or interest in the FORE WORD trademark, Defendant continued to use the <forwardreviews.com> domain name without Plaintiff's knowledge or acquiescence to forward visitors to the domain name to Defendant's website, which is located at http://www.overdrive.com

## IV. DEFENDANTS' UNLAWFUL ACTIONS

20. Defendant OverDrive, Inc. is presently the registrant of the <forwardreviews.com> domain name. See Exhibit D, <forwardreviews.com> WHOIS.

21. On or before December 5, 2009, Defendant OverDrive began forwarding the <forwardreviews.com> domain name to its own website located at http://www.overdrive.com. See Exhibit G, Printout of 12-05-2009 Archive.

22. As a result of this domain name forwarding, consumers attempting to reach Plaintiff's website at http://www.forewordreviews.com were redirected to Defendant's

4

http://www.overdrive.com, which offers goods and services in direct competition with Plaintiff's magazine goods and book review services.

23. On July 8, 2010, Plaintiff contacted Defendant to inform Defendant that Defendant was still in possession of the <forwardreviews.com> domain name. See Exhibit H, Printout of 07-08-2010 email to Potash.

24. On August 6, 2010, Michael Vantusko, agent of Defendant, contacted Plaintiff via telephone. In this telephone conversation with Plaintiff, Defendant asked Plaintiff whether Plaintiff wanted the <forwardreviews.com> website returned and, if so, what it was worth to the Plaintiff. See Exhibit I, Affidavit of Victoria Sutherland.

25. In this telephone conversation with Defendant, Plaintiff stated that she would pay Defendant for his out of pocket costs in registering and maintaining the domain name. See Exhibit I, Affidavit of Victoria Sutherland. Defendant responded that Plaintiff would have to offer Defendant an amount that was closer to $15,000 to purchase the domain name. See Exhibit I, Affidavit of Victoria Sutherland.

Defendant, with knowledge of its duty to cease using the FORE WORD and FOREWORD REVIEWS marks, has continued to use a domain name that is confusingly similar to Plaintiff's registered and common law trademarks with a bad faith intent to profit.

## COUNT I
### Cybersquatting under the Anticybersquatting
### Consumer Protection Act – 15 U.S.C. § 1125(d)

26. Plaintiff, ForeWord Magazine, Inc., restates and incorporates paragraphs 1-25 above as though fully restated herein.

27. Defendant OverDrive registered, trafficked in, or used the <forwardreviews.com> domain name with a bad faith intent to profit from the use of Plaintiff's FORE WORD and FOREWORD REVIEWS registered and common law trademarks.

28. Defendant is the current registrant of the <forwardreviews.com> domain name.

29. Defendant registered, trafficked in, or used the <forwardreviews.com> domain name with knowledge that it is identical or confusingly similar to Plaintiff's FORE WORD and FOREWORD REVIEWS registered or common law trademarks.

30. Plaintiff's FORE WORD and FOREWORD REVIEWS marks were distinctive at the time of Defendant's registration of, trafficking of, or use of the forwardreviews.com domain name.

31. Defendant registered, trafficked in, or used the <forwardreviews.com> domain name with knowledge of Plaintiff's registered and common-law trademarks.

32. Defendant does not have any intellectual property rights or any other rights in the FORE WORD or FOREWORD REVIEWS marks.

33. The <forwardreviews.com> domain name does not consist of the legal name of Defendant, or a name that is otherwise commonly used to identify Defendant.

Defendant registered and used the <forwardreviews.com> domain name to divert consumers from Plaintiff's websites to Defendant's website, which is accessible under the <forwardreviews.com> domain name, for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant's website.

34. Defendant's registration, use, or trafficking in the <forwardreviews.com> domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

6

35. By reason of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

36. By reason of Defendant's acts alleged herein, Plaintiff is entitled to recover Defendant's profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of one hundred thousand dollars ($100,000) for the registration of, trafficking in, or use of the <forwardreviews.com> domain name with a bad faith intent to profit.

37. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition Under M.C.L. §§ 445.901 *et. seq.*

38. Plaintiff, ForeWord Magazine, Inc., restates and incorporates paragraphs 1-37 above as though fully restated herein.

39. ForeWord Magazine, Inc. is the prior user of the FORE WORD and FOREWORD REVIEWS marks.

40. The FORE WORD and FOREWORD REVIEWS marks are arbitrary or suggestive or have acquired secondary meaning.

41. Defendant is using a confusingly similar mark as a designator of source for goods or services that are in direct competition with the goods or services offered or sold by Plaintiff.

42. Defendant's use of a mark that is confusingly similar to the FORE WORD or FOREWORD REVIEWS marks is likely to cause consumer confusion as to the source or sponsorship of Defendant's goods or services with ForeWord Magazine's goods or services in violation of the common law of Michigan.

43.     Defendant's conduct has caused and will continue to cause damage to Plaintiff.

44.     Defendant has unfairly profited from the actions alleged herein.

45.     By reason of Defendant's acts, Plaintiff has suffered damage to the goodwill associated with its FORE WORD and FOREWORD REVIEWS marks and has suffered and will continue to suffer irreparable harm.

46.     By reason of Defendant's acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.

47.     Accordingly, Plaintiff is entitled to entry of and preliminary and permanent injunctive relief against Defendant pursuant to M.C.L. §445.905.

## COUNT III
## Breach of Contract Under Michigan Law

48.     Plaintiff, ForeWord Magazine, Inc., restates and incorporates paragraphs 1-47 above as though fully restated herein.

49.     Plaintiff is the owner of rights in and to the FORE WORD and FOREWORD REVIEWS marks.

50.     Defendant has certain contractual obligations and duties to Plaintiff under the terms of the Settlement Agreement, some of which are specifically noted above.

51.     Defendant's refusal to transfer <forwardreviews.com> domain name to Plaintiff constitutes a breach of Defendants' obligations under the Settlement Agreement.

52.     Defendant's actions constitute a material breach of the express and implied duties of good faith and fair dealing inherent in every contract, which obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.

53.     Defendant's actions have legally and proximately caused Plaintiff damages.

8

54.    Defendant's actions have caused Plaintiff irreparable injury and, unless enjoined by the court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in monetary damages. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff requests that the court grant specific performance of the Settlement Agreement, including through mandatory preliminary and permanent injunctive relief.

55.    By reason of Defendant's acts, Plaintiff has suffered actual damages in the form of lost profits and loss of goodwill that were reasonably foreseeable at the time of the Settlement Agreement. Plaintiff further requests that the court grant Plaintiff its damages, which will be determined at trial, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A. That the Court issue temporary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from:

   i.    registering, using or trafficking in any domain name that is identical or confusingly similar to Plaintiff's FORE WORD and FOREWORD REVIEWS marks, including but not limited to the <forwardreviews.com> domain name;

   ii.   infringing Plaintiff's trademarks and service marks, including the FORE WORD and FOREWORD REVIEWS marks;

   iii.  assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs i) through iii) above.

B. That the Court order the transfer of the <forwardreviews.com> domain name to

9

Plaintiff, ForeWord Magazine, Inc.;

C. That the Court award Plaintiff, ForeWord Magazine, Inc., actual damages, consequential damages, and statutory damages;

D. That the Court order Defendants to disgorge all ill-gotten gains;

E. That the Court award Plaintiff its attorneys' fees and costs; and

F. That the Court grant Plaintiff all other relief to which it is entitled and such other or additional relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all matters triable as of right in the instant cause of action.

Respectfully submitted this 17th day of November, 2010,

TRAVERSE LEGAL, PLC
Attorneys for Plaintiff

By: John Di Giacomo (P73056)
Enrico Schaefer (P43506)
TRAVERSE LEGAL, PLC
Attorneys for Plaintiff
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico@traverselegal.com
john@traverselegal.com
*Attorney for Plaintiff*

10