UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| FOREWORD MAGAZINE, INC., | )<br>) |
| Plaintiff, | ) Case No. 1:10-cv-1144<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| OVERDRIVE, INC., | )<br>) **MEMORANDUM OPINION** |
| Defendant. | )<br>) |

This is a civil action brought under this court's federal-question jurisdiction. 28 U.S.C. § 1331. Plaintiff, a Michigan-based publisher of magazines and book reviews, brings suit under the "anti-cybersquatting" statute, 15 U.S.C. § 1125(d), arising from alleged interference with plaintiff's domain name forewordreviews.com by defendant, a Delaware corporation based in Cleveland, Ohio. In addition to the federal claim, plaintiff alleges pendent claims under Michigan law for unfair competition and for breach of contract arising from defendant's alleged failure to abide by a settlement agreement entered into in February 2006 to settle a previous dispute. Defendant has not answered the complaint but has instead moved for a stay of proceedings based upon the pendency of a declaratory judgment action initiated by defendant in the Court of Common Pleas for Cuyahoga County, Ohio, on November 12, 2010, six days before plaintiff initiated the present case. Defendant premises its request for a stay on the abstention doctrine enunciated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Chief Judge Paul Maloney has referred the motion to stay to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff has filed a brief in opposition to the motion and defendant has filed a reply brief. Upon review of the parties' submissions, I conclude that oral argument would not be helpful to the court. *See* W.D. MICH. LCIVR 7.3(d). I conclude that *Colorado River* abstention does not apply to this case, and that no grounds for a stay exist. The motion for stay will therefore be denied.

## **Findings of Fact**

The relevant background facts, as set forth in the briefs of the parties, do not appear to be in dispute. Plaintiff, ForeWord Magazine, Inc., is the registered owner of the ForeWord trademark in the field of magazine publishing and book reviews. Plaintiff alleges that on March 12, 2001, plaintiff registered the domain name forewordreviews.com. (Compl., Ex. C). Plaintiff further alleges that on the same day, defendant registered the similar name forwardreviews.com without plaintiff's knowledge or consent. (Compl., ¶ 13). On April 20, 2001, plaintiff and defendant executed a memorandum of understanding in which the parties agreed to operate a joint venture. (Compl., Ex. E). Disputes arose between the parties, leading to the filing by OverDrive of a civil action in the Cuyahoga County Court of Common Pleas in July of 2005. *OverDrive, Inc. v. Fore Word Magazine, Inc.*, case no. 568319. The parties settled that litigation in February 2006 and entered into a settlement agreement. (Compl., Ex. F).

In paragraph 4 of the settlement agreement, OverDrive agreed to execute all necessary documents to effectuate the transfer to ForeWord of the domain name and URL forewordreviews.com, and OverDrive released any right, title and interest that it might have in the

trademark ForeWord. In paragraph 8, the parties released all claims against each other on a mutual basis, except those claims arising from the settlement agreement itself. As a result of the settlement agreement, OverDrive assigned to ForeWord all of its interest in the joint venture and to the domain name forewordreviews.com. In paragraph 12, the parties agreed to litigate any enforcement action "in the federal district court located at the other parties [sic] principal place of business." (Compl. Ex. F, ID# 27).

The present dispute involves OverDrive's use of the domain name forwardreviews.com. Plaintiff alleges that OverDrive continued to use that domain name after the settlement, without plaintiff's knowledge. It further asserts that in December 2009, OverDrive began forwarding the forewordreviews.com domain name to its own website and that, as a result, customers attempting to reach plaintiff's website at forewordreviews.com were redirected to defendant's website.

In August 2010, ForeWord demanded that OverDrive cease its alleged infringement, and negotiations ensued. On October 25, 2010, ForeWord notified OverDrive of its intent to bring a federal lawsuit within seven days and provided a draft complaint. On November 12, 2010, OverDrive initiated a declaratory judgment action in the Court of Common Pleas for Cuyahoga County, Ohio, seeking a declaration that ForeWord's claims of cyber-squatting had been released by the 2006 settlement agreement. (*See* Complaint, *OverDrive, Inc. v. ForeWord Magazine, Inc.*, Def. Ex. 2, docket # 5-2). ForeWord was served with a summons and complaint in that action on November 16, 2010. Two days later, ForeWord initiated the present case, charging OverDrive with cyber-squatting in violation of 15 U.S.C. § 1125(d) arising from OverDrive's use of forwardreviews.com. In response to the complaint in this case, defendant has not filed an answer

or other motion recognized by Fed. R. Civ. P. 12(b), but instead seeks a stay of proceedings under the *Colorado River* abstention doctrine.

On December 13, 2010, the same day that defendant filed its motion for a stay, plaintiff removed the Cuyahoga County civil action to the federal District Court for the Northern District of Ohio.

**Discussion**

Defendant seeks a stay of this case under the abstention doctrine recognized by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). That doctrine allows a federal court to stay proceedings in favor of a duplicative state-court action, but only in "exceptional circumstances." 424 U.S. at 813. In the circumstances presented here, defendant's request for a *Colorado River* abstention would have been decidedly weak. *Colorado River* abstention no longer applies to this case, however, because the state-court action upon which such abstention would have been predicated is no longer pending. Rather, OverDrive's declaratory judgment action is now pending in the Northern District of Ohio. Therefore, the considerations of comity and deference to pending state-court litigation that motivate *Colorado River* abstention no longer apply to the present litigation.

The rules that seek to avoid conflict between pending *federal court* cases involving the same parties favor the Western District of Michigan as the appropriate forum. First and foremost, it is well settled that declaratory judgment jurisdiction is discretionary, not mandatory. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995); *Brillhart v. Access Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Consequently, a declaratory judgment action will generally yield to a coercive

suit, even if the coercive suit is later-filed. *See AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004). Second, all other things being equal, precedence is generally given to the first federal suit filed. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). Although OverDrive won the race to state court by a few days, removal of the case to federal court rendered OverDrive's action junior to the present case, at least insofar as the federal courts are concerned. Given the short time periods involved in the present case, this factor is not nearly so weighty as the first. As the Sixth Circuit has noted, the first-to-file rule is discretionary and will generally yield to the stronger policy that prefers the coercive action over declaratory judgment actions. *Certified Restoration*, 511 F.3d at 552.

OverDrive attempts to distinguish this authority by arguing that its Ohio case is brought under the Ohio Declaratory Judgment statute, OH. REV. CODE ch. 2721, which, according to Ohio cases, creates a right to a declaratory judgment. OverDrive asserts that the nondiscretionary nature of an Ohio declaratory judgment case (as opposed to a federal declaratory judgment action) negates the usual preference for the coercive action over a discretionary declaratory judgment action. (Reply Brief, docket # 11, at 4-7). OverDrive further asserts that the nondiscretionary nature of an Ohio declaratory judgment action will prevail even after removal of the case to federal court and supports this assertion with an insouciant citation to *Erie Railroad Company v. Thompson*, 304 U.S. 64 (1938).

OverDrive's reliance on the *Erie* doctrine is misplaced. *Erie* held that in deciding diversity actions, the district court must apply the substantive law of the state. 304 U.S. at 78. But *Erie* does not transform federal courts into state courts. The Supreme Court has made it clear that federal courts continue to apply federal rules of procedure -- "the judicial process for enforcing rights

and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Hanna v. Plumer*, 380 U.S. 460, 464 (1965). The general rule, then, is that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

The Supreme Court has stated that the operation of the Declaratory Judgment Act is procedural only. *Skelly Oil Corp. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, when a state declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal Declaratory Judgment Act. *See Jones v. Sears, Roebuck & Co.*, 301 Fed. App'x 276, 281 n.12 (4th Cir. 2008); *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010); *First Nationwide Mtg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 672 n.1 (D. Md. 2002); *Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995) (federal Declaratory Judgment Act governs propriety of declaratory relief in diversity cases under *Erie*). Therefore, after removal, a federal court will apply the federal Declaratory Judgment Act, not the state law.[1] *See, e.g., Camacho v. Texas Workforce Comm.*, 445 F.3d 407, 409-10 (5th Cir. 2006). As one district court has summarized the rule,

> Citing the Texas Declaratory Judgment Act, Wells Fargo argues that a cause of action is not necessary to support a claim for declaratory relief, but instead such relief need only be based on a justiciable controversy. Because the Texas Declaratory Judgment Act is procedural in nature, it does not govern a declaratory-judgment action in federal court. Instead, under the Erie doctrine, federal courts apply federal procedural law, including the federal Declaratory Judgment Act. The federal Declaratory Judgment Act is remedial only, and a claim under that act litigates the defendant's underlying cause of action against the plaintiff.

---

[1] An exception appears to arise when the court must determine *standing* under a state declaratory judgment law, in which case state standing law is deemed substantive. *See AARTI Hospitality, LLC v. City of Grove City, Ohio*, 350 F. App'x 1, 6 (6th Cir. 2009).

*Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F. Supp. 2d 555, 565 (N.D. Tex. 2009) (citations omitted.

Ultimately, the decision concerning choice of law in the pending Ohio federal court action belongs to the Ohio federal judge. For this court's purposes, however, OverDrive has not persuasively argued that the pending Ohio federal case is anything but a discretionary declaratory judgment action, which does not take precedence over the coercive suit pending in this court, under *AmSouth Bank* and other Sixth Circuit authority.

In essence, OverDrive's Ohio lawsuit was a preemptive strike, seeking a declaration that the affirmative defense of release bars all of plaintiff's claims. There is no reason for this court to defer to a declaratory judgment action in circumstances that strongly suggest a preemptive race to the courthouse. Courts often refuse to entertain requests for a declaratory judgment brought by an alleged wrongdoer, seeking to prevail on an affirmative defense. *See, e.g., Morrison v. Parker*, 90 F. Supp. 2d 876, 880 (W.D. Mich. 2000); *see also First Nationwide Mtg. Corp.*, 219 F. Supp. 2d at 673 (Declaratory judgment actions are "disfavored" when they are "filed in anticipation of another lawsuit, in order to obtain a more favorable forum or procedural posture."). The Sixth Circuit has made it clear that such preemptive declaratory judgment actions are not entitled to deference and that the coercive action, brought by the "natural plaintiff" is to be preferred. *AmSouth Bank*, 386 F.3d at 791 n.8 (recognizing a presumption that a first-filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit) (citing *UAW v. Dana Corp.*, No. 3:99cv7603, 1999 WL 33237054, at * 6 (N.D. Ohio Dec. 6, 1999)); *accord Certified Restoration*, 511 F.3d at 552.

The factual predicate for defendant's request for a stay under *Colorado River* has disappeared, and no reason exists for this court to defer to a declaratory judgment action between the same parties. Defendant's motion for stay will therefore be denied.


Dated: January 5, 2011                    /s/ Joseph G. Scoville
                                          United States Magistrate Judge