UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| FOREWORD MAGAZINE, INC., ) | |
| Plaintiff, ) | Case No. 1:10-cv-1144 |
| v. ) | Honorable Paul L. Maloney |
| OVERDRIVE, INC., ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This is a trademark action. Plaintiff alleges that it is the owner of the registered trademark Fore Word as well as the mark FOREWORD REVIEWS and the Internet domain name forewordreviews.com. Plaintiff alleges that it has consistently used the mark Foreword Reviews and the domain name forewordreviews.com as an indicator of a source for high quality magazine goods and book review services. Plaintiff's claims against defendant arise from defendant's registration of the domain name forewardreviews.com. Count I of the complaint alleges a claim for cybersquatting under 17 U.S.C. § 1125(d), based on the allegations that plaintiff's registered trademark is distinctive or famous, that defendant's domain name is confusingly similar, and that defendant registered or used its domain name with a bad faith intent to profit. Plaintiff has moved for summary judgment on its cybersquatting claim.

In response to plaintiff's motion for summary judgment, defendant has filed a motion to strike certain of the exhibits and affidavits relied on by plaintiff (Motion to Strike, filed June 20, 2011, docket #51). Chief Judge Paul L. Maloney has referred the motion to strike to me for decision under 28 U.S.C. § 636(b)(1)(A) (Order of Reference dated September 28, 2011). For the reasons

set forth below, I conclude that the objections raised by defendant to deficiencies in plaintiff's factual submissions have been cured or are not meritorious, with one exception. Defendant's motion to strike will therefore be granted in part and denied in part.

## Discussion

Plaintiff's motion for summary judgment (Docket #24) relies on twenty-eight exhibits – Exhibits A through Exhibit BB (see Docket #'s 25-30). Two of the exhibits (Exhibits C and X) are affidavits. The remaining exhibits consist of documentary evidence and screen shots of Internet sites. Defendant's motion seeks to strike most of these exhibits, on four essential grounds:

    (1)    Fourteen of the exhibits are not authenticated by affidavit, nor are they self-authenticating. Furthermore, some are objectionable as hearsay;

    (2)    The two affidavits (Exhibits C and X) are defective because of their jurats, which indicate that the affidavits are true to the best of the affiant's "knowledge, information and belief," thus disclosing that the affidavits are not based on personal knowledge;

    (3)    The Sutherland affidavit (Ex. C) and the Schaefer affidavit (Ex. X) contain material barred by FED. R. EVID. 408(a), as offers to compromise;

    (4)    Six of the exhibits are irrelevant.

Each contention is taken up in turn.

## I. UNAUTHENTICATED EXHIBITS

Newly revised Rule 56 of the Federal Rules of Civil Procedure governs the procedure by which the court must review objections to the admissibility of evidence presented in connection with a motion for summary judgment. In some respects, the 2010 amendment to Rule 56 works a sea change in summary judgment procedure and introduces flexibility (and consequent uncertainty)

in place of the bright-line rules that are obtained previously. Former Rule 56(e) contained an unequivocal direction that documents presented in connection with a summary judgment motion must be authenticated:

> If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

FED. R. CIV. P. 56(e)(1) (2009 version). Relying on this language, the United States Court of Appeals for the Sixth Circuit routinely held that unauthenticated documents could not be used to support a motion for summary judgment. *See*, *e.g.*, *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993). As recently as 2009, the Court of Appeals stated that unauthenticated documents do not meet the requirements of Rule 56(e) and must be disregarded. *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009).

These authorities must be read carefully, however, in light of the 2010 amendments to Rule 56, which eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated. Rather, the amended Rule allows a party making or opposing a summary judgment motion to cite to materials in the record including, among other things, "depositions, documents, electronically stored information, affidavits or declarations" and the like. FED. R. CIV. P. 56(c)(1)(A). If the opposing party believes that such materials "cannot be presented in a form that would be admissible in evidence," that party must file an objection. FED. R. CIV. P. 56(c)(2)[1]. Significantly, the objection contemplated by the amended Rule is not that the material "has not" been submitted in admissible form, but that it "cannot" be. The comments to the

---

[1] As a result of the 2010 amendments, motions to strike are no longer appropriate. *See Reed v. Austal U.S.A., L.L.C.*, No 08-155, 2011 WL 4435562 at *5 n.6 (S.D. Ala. Sept. 23, 2011). Such motions should be construed as objections under Rule 56(c)(2). *Id.*

2010 amendments make it clear that the drafters intended to make summary judgment practice conform to procedure at trial. "The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike." FED. R. CIV. P. 56 (2010 Advisory Committee comments). The revised Rule therefore clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent "an opportunity to properly support or address the fact," if the court finds the objection meritorious. FED. R. CIV. P. 56(e)(1). Thus, the amendment replaces a clear, bright-line rule ("all documents must be authenticated") with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial[2].

      Defendant objects to the following exhibits as being unauthenticated: Exhibits B, I, J, K, L, O, P, Q, R, S, T, U, Z and BB. These exhibits were indeed unauthenticated at the time of their filing, and submission of such unauthenticated documents would have been condemnable as sloppy lawyering as late as November 30, 2010. By reason of the 2010 amendments, however, submission of unauthenticated exhibits is not a violation of any express obligation imposed by the Rules. Rather, it is grounds for objection, in which case the proponent has the burden to show that the material is admissible as presented or to explain the admissible form that is anticipated. FED. R. CIV. P. 56 (2010 Advisory Committee comments). Plaintiff has sought to meet that burden by

---

[2] One may legitimately wonder whether the 2010 amendments represent an improvement in summary judgment procedure. The amendments, however, have been adopted by the Supreme Court and tacitly approved by Congress, so they are now the law of the land.

submitting supplemental affidavits from Victoria Sutherland (ID #'s 928-29) and Enrico Schaefer (ID #'s 931-33) (attached to plaintiff's response, Docket #55).

Determination whether evidence is authentic is governed by Rule 104(b) of the Federal Rules of Evidence. The district court must first determine whether the proponent of the evidence "has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992). Because authentication "is essentially a question of conditional relevancy," the jury will ultimately resolve whether the evidence admitted for its consideration is what the proponent claims. *Id.* at 1370-71. Thus, a party seeking to admit an exhibit need only make a *prima facia* showing that it is what the proponent claims it to be. FED. R. EVID. 901(a); *See United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997).

Exhibits J and K are copies of letters sent by plaintiff's attorneys to an employee of defendant. The Schaefer affidavit (¶¶ 5,6) now attests that these exhibits are true copies of letters sent on the date each bears. One of the nonexclusive methods of showing authenticity is by testimony of a witness with knowledge, attesting that a "matter is what it is claimed to be." FED. R. EVID. 901(b)(1). Mr. Schaefer's testimony authenticating letters sent by him or his associate is sufficient. *See Love v. Nat'l Med.Enterprises.*, 230 F.3d 765, 776 (5th Cir. 2000) (affidavit of person with knowledge sufficient to authenticate record). Exhibit I purports to be a letter, with attachment, sent by Ms. Sutherland (President of plaintiff) to Steve Potash (defendant's Chief Executive Officer). Ms. Sutherland's second affidavit (¶ 5) adequately authenticates this letter as well. Similarly, Ms. Sutherland's affidavit (¶6) is sufficient to authenticate Exhibit BB, a printout of an Internet chat between Sutherland and her web developer.

Exhibits B, G, H, O, P, Q, R, S, T, U, Y and Z are screen shots of Internet websites. Some of the exhibits represent current content of websites, while others represent information retrieved from an Internet archive database. The second Schaefer affidavit (¶¶ 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 16 and 17) identifies each of these screen shots as a true and accurate copy of the content found on the Internet sites identified in the affidavit. "The Federal Rules of Evidence, including Rule 901, apply to computer-based evidence in the same way as they do to other evidence." 5 WEINSTEIN'S FEDERAL EVIDENCE § 900.05(1)(b) at 900-50 (2d. ed. 2004). The federal district courts have applied the concepts embodied in Rule 901 to questions involving authentication of screen shots from Internet websites. Although records from government websites are generally considered to be self-authenticating, *see Williams v. Long*, 585 F. Supp. 2d 679, 686-89 (D. Md. 2008), exhibits reflecting information from commercial websites must be authenticated by one of the methods allowed by Rule 901, including testimony from a witness with personal knowledge, expert testimony, or reference to distinctive characteristics. *See Lorraine v. Markel Am. Ins*. Co., 241 F.R.D. 534, 556 (D. Md. 2007). The lower courts generally hold that an affidavit of a witness, when viewed in combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they are. *See*, *e.g*., *United States v. Meienberg*, 263 F.3d 1177, 1181 (10th Cir. 2001), *Firehouse Restaurant Group, Inc. v. Scurmont LLC,* No. 4:09-cv-618, 2011 W.L. 3555704, at *4-5 (D. S.C. Aug. 11, 2011); *United States v. Standring*, No. 1:04cv730, 2006 WL 689116, at *3 (S.D. Ohio 2006); *Perfect 10, Inc. v. Cybernet Ventures, Inc*., 213 F. Supp. 2d 1146, 1153-54 (C.D. Cal. 2002). Once this "minimal authentication requirement" is met, arguments concerning the accuracy of the printouts go only to weight, not

admissibility. *Meienberg*, 263 F.3d at 1181. Furthermore, the federal courts have recognized that Internet archive services, although representing a relatively new source of information, have sufficient indicia of reliability to support introduction of their contents into evidence, subject to challenge at trial for authenticity. *See Telewizja Polska USA, Inc. v. Echostar Sattelite Corp.*, No. 02 C 3293, 2004 WL 2367740 at *6 (N.D. Il. Oct. 15, 2004). The affidavits of Sutherland and Schaefer, along with other indicia of reliability (such as the Internet domain address and the date of printout) are sufficient to authenticate these exhibits under the foregoing authorities.

Defendant objects to the lack of an authenticating affidavit for Exhibit L, which is a copy of a complaint for declaratory judgment filed by defendant itself in the Court of Common Pleas of Cuyahoga County, Ohio, in November 2010. Defendant's objection is the kind of pettifoggery that has given lawyers a bad name since the time of Charles Dickens. The federal courts may take judicial notice of state court records. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004). Furthermore, the Schaefer affidavit (¶ 7) now authenticates Exhibit L as a true copy of the state court complaint filed on behalf of OverDrive, Inc. (defendant in the present case) by none other than Lester S. Potash, the lawyer who is objecting to authenticity of the same document in this case. Mr. Potash should think twice before burdening this court with nonsensical objections in the future.

Beyond objecting to authentication, defendant objects to the following exhibits (or portions thereof) as inadmissible hearsay: Exhibits B, I, J, K, O, P, Q, R, S, T, Z and BB. Defendant does not favor the court with a careful analysis of the hearsay objection, but merely raises the objection in blunderbuss fashion. Defendant's lack of analysis makes it difficult to address its objections. To the extent that the grounds supporting this objection are intelligible, they lack merit

for the reasons set forth below.

Hearsay is classically defined as an out-of-court statement offered to prove the truth of the matter asserted. *See* FED. R. EVID. 801(c). Exhibits B, O, P, Q, R, S, T and Z are screen shots of Internet sites and therefore clearly qualify as out-of-court statements. Their character as hearsay, however, depends on the reason that they are offered in evidence. If they are offered to prove the truth of the matter asserted, then they may qualify as hearsay. If they are offered for one of a myriad of other purposes, then they are not. Defendant's objection does not address this crucial distinction, but merely condemns the exhibits or unidentified portions thereof as inadmissible hearsay. Review of plaintiff's brief in support of its motion for partial summary judgment (Docket #25) demonstrates that none of the Internet screen shots is offered to prove the truth of the matter asserted. Rather, these exhibits are offered to show the use of trademarks in commerce or the mentioning of those marks by various news organizations. Plaintiff is clearly not offering these screen shots for the truth of the matter asserted. When a printout from a third party website is offered merely to show that certain images and text appeared on the website, they are not statements at all and thus fall outside the ambit of the hearsay rule. *See Firehouse,* 2011 WL 3555704, at *5; *Perfect 10, Inc.*, 213 F.Supp. 2d at 1155; *accord, United States v. Cameron*, 762 F. Supp. 2d 152, 157-58 (D. Me. 2011).

Exhibits I, J and K are letters sent from plaintiff, or its counsel, to officers of defendant. Review of plaintiff's brief shows that these documents are not offered to prove the truth of the matter asserted (that is, that defendant is guilty of trademark infringement and cybersquatting) but to show that plaintiff put defendant on notice of the alleged infringement. An out-of-court statement not offered for the truth of the matter asserted, but merely to show that the defendant was placed on notice, is clearly not hearsay. *See George v. Celotex* Corp., 914 F.2d 26, 30 (2d Cir.

1990).

Exhibit BB presents a somewhat closer case. This exhibit represents an Internet chat between Victoria Sutherland and an employee of plaintiff involved in website development. When plaintiff allegedly received a demand for compensation from defendant for returning the domain name "forwardreviews.com," Ms. Sutherland asked her employee to provide her with the cost to register or transfer a domain name. In Exhibit BB, the employee answered that the cost to register or transfer a domain name would be ten dollars for each. Upon learning this, Ms. Sutherland declined defendant's alleged offering. If Exhibit BB is being offered to prove the truth of the matter asserted (that is, that it costs roughly ten dollars per year to register a domain name and another ten dollars to transfer it), then it is hearsay. If it is offered only to show the sequence of events leading up to plaintiff's decision to decline defendant's offer, then it is not hearsay. Thus, like many other items of evidence, Exhibit BB is admissible for some purposes and not others. The court can be trusted to differentiate between allowable and improper uses of the exhibit when the motion for summary judgment is decided.

In summary, all of the objected-to exhibits have now been properly authenticated, and defendant's hearsay objections are not meritorious.

## II. DEFECTIVE AFFIDAVITS

Defendant objects to the affidavits of Victoria Sutherland and Enrico Shaefer because of the form of jurat contained in each affidavit. The jurat indicates that the statements in the affidavits "are true to the best of my knowledge, information, and belief." Plaintiff has now filed supplemental affidavits, which reaffirm the statements made by the affiants in their original affidavits and assert that the statements "are true based upon my personal knowledge." (See ID #'s

9

928-29, 931-33). Any defect in the form of these affidavits has therefore been cured.[3]

## III. OFFERS TO COMPROMISE

As part of its claim of cybersquatting, plaintiff contends that officers of defendant demanded payment of $15,000 before defendant would agree to stop using the forwardreviews.com domain name. The affidavit of Ms. Sutherland (¶¶ 5-6) avers that on August 6, 2010, Michael Vantusko contacted her by telephone and asked what the website's "return was worth to me." Ms. Sutherland states that she offered to pay Mr. Vantusko for his out-of-pocket costs in registering and maintaining the domain name but that Vantusko demanded an amount closer to $15,000. The affidavit of Enrico Schaefer (Exhibit X), counsel for plaintiff, relates a telephone conversation between him and Vantusko on November 9, 2010, after counsel sent defendant a cease and desist letter. Schaefer avers as follows:

> In that conversation, Mr. Vantusko requested that Defendant OverDrive pay more than its out-of-pocket costs for the transfer of the <forwardreviews.com> domain name. In this phone call, Mr. Vantusko and I also discussed the possibility of settlement. Mr. Vantusko asked that I send him a written settlement proposal, which I did on that same day. (¶ 3).

Defendant objects to the foregoing statements as offers of compromise, the admission of which is prohibited by FED. R. EVID. 408(a).

Evidence Rule 408(a) prohibits admission of evidence of offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim, when such

---

[3] Defendant also objects that the arguments set forth in plaintiff's brief are not supported by the statements in plaintiff's affidavits or exhibits. This is not a basis to object to the affidavits or exhibits or to seek to strike them from the record. At the time the court reviews plaintiff's motion for partial summary judgment, the court will be perfectly capable of assessing whether counsel's arguments are supported by the evidence of record.

evidence is offered to prove liability. Before the bar of Rule 408 applies, there must first be an actual dispute concerning the validity or the amount of a claim. Although litigation need not have been threatened, the operation of the Rule applies only where an actual dispute or difference of opinion exists. *See Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995). The party invoking the bar of Rule 408(a) has the burden of establishing its application. In the present case, the record does not support the contention that an actual dispute existed at the time that Ms. Sutherland and Mr. Vantusko spoke in August 2010. At that early point, the parties were merely discussing the existence of the forwardreviews.com domain name and the circumstances under which defendant might relinquish it. Rule 408 does not apply to such business communications. *See Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1556-57 (Fed. Cir. 1983) (evidence of offer to license patent not excludable under Rule 408 because claim was not yet disputed); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372-73 (10th Cir. 1977) (communications between parties concerning possible licensing of trademark were merely "business communications" not subject to Rule 408). Defendant has not shown that Sutherland and Vantusko were attempting to compromise a disputed claim. Evidence of business negotiations taking place before a dispute arises are not subject to exclusion under Rule 408. *See Walls v. First UNUM Life Ins. Co.*, 982 F. Supp. 929 (W.D.N.Y. 1997).

    The statements in the Schaefer affidavit stand on a different footing. At the time of Mr. Schaefer's conversation with Mr. Vantusko in November 2010, Schaefer had already sent a letter to defendant demanding return of the domain name and attaching a draft complaint. Mr. Schaefer admits that he and Vantusko discussed the possibility of settlement during the telephone conversation (¶ 3). The condition precedent for the application of Rule 408(a) therefore appears

satisfied. Thus, Schaefer's statement that Vantusko requested payment for more than its out-of-pocket costs for transfer of the domain name would appear to fall squarely within the prohibition of the Rule. In its responsive brief (Docket #55), plaintiff presents a confused and unconvincing argument against application of Rule 408. Although plaintiff purports to address Rule 408, it instantly changes its focus to the question whether Vantusko's statement is inadmissible hearsay (ID #'s 923-24). Without question, Vantusko's demand cannot be deemed hearsay, as Vantusko is an officer of defendant. *See* FED. R. EVID. 801(d)(2). The mere fact that Vantusko's statement is not inadmissible hearsay is irrelevant to its possible exclusion under Rule 408(a). Defendant presents no argument or authority concerning the exclusion of Vantusko's statement under Rule 408(a).

I therefore conclude, for purposes of defendant's motion for summary judgment only, that defendant is entitled to exclude evidence of the alleged discussion between Vantusko and Schaefer on November 9, 2010 under Rule 408(a) of the Federal Rules of Evidence. Defendant's objection will be sustained with regard to ¶3 of Schaefer's original affidavit, as well as ¶¶ 1, 18(c), 19, and 20 of his second affidavit, which repeats the same privileged conversation.

## IV. RELEVANCE

Defendant objects to Exhibits L, M, N, P, Q and X on the basis of relevance. Again, defendant does not discuss the substance of these exhibits or attempt to analyze their relevance, apparently preferring to leave it to the court. Review of the exhibits discloses no reason to strike them from consideration in the context of the pending summary judgment motion.

Exhibit L is a copy of the state court complaint filed by defendant, covering the same subject matter as the present case. Plaintiff's brief on summary judgment (Docket #25) refers to Exhibit L only in the context of setting forth the procedural history of this case and the related case

in Ohio. It is a harmless, if perhaps unnecessary, exhibit. Exhibit M is a copy of defendant's motion to stay these proceedings. Exhibit M is a copy of the order denying the motion. Plaintiff's submission of these exhibits violates Local Civil Rule 5.7(d)(vii), which prohibits attaching as an exhibit any pleading or other paper already on file with the court. The purpose of the Local Rule is to prevent the burdening of the court's electronic record with duplicative copies of the same document. Again, these exhibits are cited in plaintiff's brief only with reference to the procedural history of this case. It is commonplace for lawyers to recite the factual history of litigation in an effort to help the court understand the posture of the case. Defendant is in no way prejudiced by plaintiff's reference to the motion to stay (Exhibit M), or by reference to the order denying the motion to stay (Exhibit N). Although plaintiff's reference to these documents is virtually pointless, defendant's decision to object to them is equally pointless.

Exhibits P and Q are printouts from websites that mention plaintiff's FOREWORD REVIEWS mark. Plaintiff's brief (Docket #25 at ID #249) relies on these exhibits as examples of press coverage that plaintiff has received. Defendant does not explain now such references might be deemed irrelevant in a trademark case, especially one in which plaintiff is attempting to show that it is the owner of a famous mark.

Finally, Exhibit X is the affidavit of Enrico Schaefer, which has been dealt with extensively in this Memorandum Opinion. Although the court has sustained defendant's objection to one paragraph of the affidavit under Evidence Rule 408(a), defendant has not persuasively argued that the remainder of the affidavit is irrelevant.

## CONCLUSION

For the foregoing reasons, defendant's motion to strike (Docket #51), construed as

objections to plaintiff's summary judgment evidence under FED. R. CIV. P. 56(c)(2), will be overruled, except as to paragraph 3 in the affidavit of Enrico Schaefer, Exhibit X, and paragraphs 18(c), 19 and 20 of the second Schaefer affidavit.


Dated: <u>October 31, 2011</u>   /s/  Joseph G. Scoville
  Joseph G. Scoville
  United States Magistrate Judge