IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FOREWORD MAGAZINE, INC.,
a Michigan corporation,

    Plaintiff,

    vs.

OVERDRIVE, INC.,
a Delaware Corporation,

    Defendant.
_____/

Case No.  1:10-CV-1144

Honorable Paul L. Maloney

| | |
|---|---|
| Brian A. Hall (P70865) | Lester S. Potash (Ohio Bar No. 0011009) |
| John Di Giacomo (P73056) | 55 Public Square, Suite 1717 |
| TRAVERSE LEGAL, PLC | Cleveland, OH  44113-1901 |
| Attorneys for Plaintiff | (216) 771-8400 |
| 810 Cottageview Drive, Unit G-20 | lsp@potash-law.com |
| Traverse City, MI  49684 | |
| (231) 932-0411 | *Attorneys for Defendant* |
| brianhall@traverselegal.com | |
| john@traverselegal.com | |

*Attorney for Plaintiff*
_____/

### PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF, COSTS AND ATTORNEYS' FEES

NOW COMES Plaintiff ForeWord Magazine, Inc. ("Plaintiff"), by and through its counsel, Traverse Legal, PLC, and for its Motion for Permanent Injunctive Relief, Costs and Attorneys' Fee states the following:

1. On January 19, 2012, this honorable Court granted Plaintiff's Motion for Summary Judgment as to Count I of its Complaint, namely, a violation of the Anticybersquatting Consumer Protection Act.

2. In light of this Court's Order of January 19, 2012, Plaintiff hereby moves that the Court issue permanent injunctive relief compelling Defendant OverDrive, Inc. to transfer the <forwardreviews.com> domain name into Plaintiff's ownership, possession, and control.

3. Plaintiff additionally requests that the Court issue an Order requiring Plaintiff to identify any and all domain names within Defendant's ownership, possession, or control that contain the FORE WORD or FOREWORD REVIEWS marks, or any colorable imitation thereof, and transfer those domain names into the ownership, possession, or control of Plaintiff.

4. Plaintiff requests that the Court permanently enjoin and restrain Defendant from registering in, trafficking in, or using domain names that contain Plaintiff's trademarks, or any colorable imitation thereof.

5. Plaintiff requests that the Court permanently enjoin and restrain Defendant from using Plaintiff's trademarks, or any mark confusingly similar thereto, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities.

6. Plaintiff requests that the Court award Plaintiff its costs in the amount of $3,355.67 pursuant to 15 U.S.C. § 1117.

7. Plaintiff requests that the Court find that this is an exceptional case pursuant to 15 U.S.C. § 1117 and award Plaintiff its costs and attorneys' fees in the amount of $90,031.25.

8. Plaintiff requests that the Court find that Defendant is liable for Plaintiffs costs and attorneys' fees pursuant to paragraph 12 of the 2006 Settlement Agreement.

9. Plaintiff relies on the attached Brief in support of its Motion.

Respectfully submitted this 8th day of February, 2012,

                                TRAVERSE LEGAL, PLC

                                /s/John Di Giacomo
                                Brian A. Hall (P70865)
                                John Di Giacomo (P73056)
                                TRAVERSE LEGAL, PLC
                                Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FOREWORD MAGAZINE, INC.,
a Michigan corporation,

    Plaintiff,

    vs.

OVERDRIVE, INC.,
a Delaware Corporation,

    Defendant.
_____/

Case No.  1:10-CV-1144

Honorable Paul L. Maloney

Brian A. Hall (P70865)
John Di Giacomo (P73056)
TRAVERSE LEGAL, PLC
Attorneys for Plaintiff
810 Cottageview Drive, Unit G-20
Traverse City, MI  49684
(231) 932-0411
brianhall@traverselegal.com
john@traverselegal.com

*Attorney for Plaintiff*

Lester S. Potash (Ohio Bar No. 0011009)
55 Public Square, Suite 1717
Cleveland, OH  44113-1901
(216) 771-8400
lsp@potash-law.com

*Attorneys for Defendant*

_____/

**BRIEF IN SUPPORT OF MOTION FOR PERMANENT INJUNCTIVE RELIEF,
COSTS, AND ATTORNEYS' FEES**

    NOW COMES Plaintiff ForeWord Magazine, Inc. ("Plaintiff"), by and through its counsel, Traverse Legal, PLC, and for its Brief in Support of Motion for Permanent Injunctive Relief, Costs, and Attorneys' Fees states as follows:

**I.  FACTS**

    In mid 2001, Plaintiff and Defendant entered into a Joint Venture Agreement whereby the parties were to combine their respective talents to market and sell electronic

1

book reviews through the Internet. Under this Joint Venture Agreement, Defendant was to provide the technological, Internet, and ecommerce expertise, while Plaintiff was to provide the talent and review services. Accordingly, on or about March 12, 2001, Defendant registered the <forewordreviews.com> domain name on behalf of Plaintiff.

In 2005, a dispute arose between the parties and Defendant filed a Complaint with the Court of Common Pleas for Cuyahoga County, Ohio. This case was ultimately settled in February 2006, and Plaintiff and Defendant subsequently executed a Settlement Agreement on February 6, 2006. See **Exhibit A**, Settlement Agreement. Under the terms of that Settlement Agreement, Defendant OverDrive was to "execute all documents necessary to effectuate the transfer to ForeWord of all the domain name and URL 'forewordreviews.com' and releases any claim of right or interest, if any, in the trademark use of the word "ForeWord." See **Exhibit A**, Settlement Agreement. Subsequently, Defendant OverDrive transferred the <forewordreviews.com> domain name to Plaintiff.

In July of 2010, an employee of Plaintiff accidently typed <forwardreviews.com> into the URL bar of his web browser. Upon doing so, he arrived at <overdrive.com>, Defendant's website. After some investigation, Plaintiff discovered that Defendant had also registered the <forwardreviews.com> domain name on March 12, 2001 and, despite the settlement agreement, had retained that domain name and was now forwarding it to its own website at <overdrive.com>. Consequently, Plaintiff notified Defendant that it was cybersquatting on Plaintiff's trademark through its reregistration and use of the <forwardreviews.com> domain name on August 2, 2010. See **Exhibit B**, August 2, 2010 letter to Steven Potash.

On August 6, 2010, Plaintiff was contacted by telephone by Michael Vantusko, the CFO of Defendant OverDrive. Mr. Vantusko asked Plaintiff whether Plaintiff wanted the domain name to be returned. When Plaintiff stated that it did, Defendant stated that he would return the domain name to plaintiff for a payment "closer to $15,000." Plaintiff declined Defendant's request for payment in exchange for the return of the <forwardreviews.com> domain name.

On October 25, 2010, Plaintiff's counsel sent a letter to Defendant demanding return of the <forwardreviews.com> domain name. This letter communicated Plaintiff's intent to file a lawsuit in the Western District of Michigan for cybersquatting, breach of contract, and unfair competition within seven days if Defendant failed to transfer the domain name. See **Exhibit C**, October 25, 2010 Letter to Defendant. On November 9, 2010, Plaintiff's counsel received a phone call from Michael Vantusko, Defendant OverDrive's CFO. In that conversation, Defendant again requested that Plaintiff pay for the transfer of the domain name, but Plaintiff declined Defendant's request. See **Exhibit D**, November 9, 2010 Letter to Vantusko; see also **Exhibit E**, Deposition of Enrico Schaefer pgs. 40-41. In that conversation, Plaintiff agreed to provide Defendant with some additional time to educate itself on cybersquatting law and to better understand its potential liability. See **Exhibit E**, Deposition of Enrico Schaefer pgs. 43-44.

Instead of doing so, however, Defendant, in a race to the courthouse, filed a declaratory judgment lawsuit in the Court of Common Pleas of Cuyahoga County, Ohio. Plaintiff, in turn, filed a lawsuit against Defendant in the Western District of Michigan, which asserted claims of cybersquatting, breach of contract, and unfair competition.

Plaintiff was then required to retain local counsel in Ohio, file a notice of removal, and litigate the Ohio case to its ultimate dismissal.

After initial discovery and motion practice in the Western District of Michigan case, Plaintiff filed a Motion for Summary Judgment as to Count I of its Complaint on April 18, 2011, (Doc # 24), which concerned cybersquatting claims under the Anticybersquatting Consumer Protection Act. On January 19, 2012, this Court granted judgment in favor of Plaintiff on its Motion for Summary Judgment, finding that "OverDrive's urge to spite ForeWord, rather than any legitimate business judgment or financial incentive, seems to be the only reason that public funds are now being wasted to adjudicate this formerly private quarrel." See January 19, 2012 Order, (Doc # 61). On February 2, 2012, Plaintiff requested that Defendant transfer the <forwardreviews.com> domain name into Plaintiff's possession, ownership, and control. See **Exhibit F**, Printout of February 2, 2012 Letter to Defendant. In light of the Court's Order, Plaintiff now moves for permanent injunctive relief, costs, and attorneys' fees.

## II.  ARGUMENT

Plaintiff respectfully requests that the Court order that the <forwardreviews.com> domain name be transferred into the Plaintiff's ownership, possession, and control and that Defendant OverDrive be permanently enjoined from infringing on Plaintiff's trademarks, or any term confusingly similar thereto, whether through the registration of domain names or otherwise. Defendant's willful and bad faith infringement of Plaintiff's marks through its registration, use, and trafficking in the <forwardreviews.com> domain name makes this an "exceptional" case pursuant to 15 U.S.C. § 1117(a), and, therefore, Plaintiff requests that the Court award Plaintiff its costs and reasonable attorneys' fees.

4

Additionally, Defendant agreed, through its execution of the 2006 Settlement Agreement, to pay the costs and attorneys' fees of the prevailing party in any litigation. Consequently, Plaintiff, as the prevailing party in this litigation, is entitled to its costs and attorneys' fees.

### a) The <forwardreviews.com> domain name should be transferred into Plaintiff's ownership, possession, and control and Defendant should be subject to a permanent injunction.

The Anticybersquatting Consumer Protection Act ("ACPA") provides that "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(C). Plaintiff requests that the Court order the transfer of the <forwardreviews.com> domain name into Plaintiff's ownership, possession, and control. Plaintiff requested that the Defendant transfer the domain name in a letter sent to Defendant on February 2, 2012. See **Exhibit F**, Printout of February 2, 2012 Letter. Despite this letter, Defendant has yet to transfer the <forwardreviews.com> domain name to Plaintiff.

Defendant readily admits that it has no use for the domain name and, in light of this Court's January 19, 2012 Order Granting Plaintiff's Motion for Summary Judgment, Plaintiff requests that the Court issue an Order instructing Defendant and Defendant's registrar, Network Solutions, to provide Plaintiff with the EPP/AUTH code associated with the <forwardreviews.com> domain name and to take any and all necessary actions to transfer that domain name to Plaintiff. See **Exhibit G**, Deposition of Vantusko, pgs. 39-42. Plaintiff also requests that the Court order Defendant to identify any and all domain names within Defendant's ownership, possession, or control that contain the

5

FORE WORD or FOREWORD REVIEWS marks, or any colorable imitation thereof, and transfer those domain names into the ownership, possession, or control of Plaintiff.

Plaintiff additionally requests that the Court permanently enjoin Defendant from registering, trafficking in, or using domain names that contain Plaintiff's trademarks, or any colorable imitation thereof. Plaintiff requests that the Court permanently enjoin Defendant from using Plaintiff's trademarks, or any mark confusingly similar thereto, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities.

Plaintiff's requests for injunctive relief merely seek the transfer of the <forwardreviews.com> domain name and an additional remedy that is coextensive with the standards established by Congress for the prevention of cybersquatting and trademark infringement. Accordingly, Plaintiff respectfully requests that the Court provide Plaintiff with this injunctive relief, which is needed to provide Plaintiff with the relief it requested almost a year and a half ago, namely, the transfer of the <forwardreviews.com> domain name, and a protection against Defendant's future infringement.

b) **This is an exceptional case entitling Plaintiff to its costs and reasonable attorneys' fees**

Under 15 U.S.C. § 1117, should a court find a violation of the Anticybersquatting Consumer Protection Act, the Court may award plaintiff "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." The Court may also, "in exceptional cases… award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Plaintiff, having provided Defendant with ample notice of its cybersquatting and an opportunity to remedy its infringement short of litigation, is

entitled to its costs in this action. Further, Defendant's willful and blatant cybersquatting of Plaintiff's trademarks with knowledge of the fact that its actions constituted cybersquatting make this an exceptional case under the law and entitle Plaintiff to its reasonable attorneys' fees.

An award of attorneys fees is available pursuant to 15 U.S.C. § 1117(a) where the Defendant's "acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 854 (E.D. Mich. 2006). Where a Defendant's "conduct was at least deliberate… an award of attorney fees… is appropriate." *Id*.

Through its registration, use, and trafficking in the <forwardreviews.com> domain name, Defendant acted maliciously, fraudulently, deliberately, and willfully. Defendant, having disclaimed all rights to the trademarks of Plaintiff through its execution of the Settlement Agreement, re-registered the <forwardreviews.com> domain name on December 12, 2008. See **Exhibit H,** Printout of December 2008 Re-Registration Receipt. Defendant then began confusing consumers by forwarding those who attempted to reach the <forwardreviews.com> domain name to the <overdrive.com> website on October 14, 2009. See **Exhibit I,** Printout of DomainTools Hosting History. Plaintiff sent a letter to Defendant on August 2, 2010, which notified Defendant of its infringement. See **Exhibit B**, August 2, 2010 Letter to Defendant. In this letter, Plaintiff respectfully requested that OverDrive transfer the domain name:

> As I've mentioned in prior correspondence and voice mail, my feeling is you are simply not aware www.forewordreviews.com [sic] leads directly to

7

>OverDrive.com website. If not, I hope you will find this note as a nudge to correct the situation.

See **Exhibit B,** August 2, 2010 Letter to Potash. In response, Plaintiff received a phone call from Michael Vantusko, Defendant's CFO, wherein Mr. Vantusko stated that he would only return the <forwardreviews.com> domain name to Plaintiff for a payment "closer to $15,000." See **Exhibit J**, Affidavit of Victoria Sutherland.

Plaintiff then retained counsel and, on October 25, 2010, Plaintiff's counsel sent a letter to the Defendant, which informed Defendant that its registration, use, and trafficking in the <forwardreviews.com> domain name constituted cybersquatting under the ACPA. See **Exhibit C,** October 25, 2010 Letter to Potash. Specifically, Plaintiff's letter stated,

>In response, OverDrive refused transfer and requested payment of $15,000 to relinquish control of the domain. This refusal to transfer the domain constitutes a breach of OverDrive's obligations under the Settlement Agreement, and the continuing use of the domain constitutes cybersquatting under the Anticybersquatting Consumer Protection Act.

See **Exhibit C,** October 25, 2010 Letter to Potash. Despite this warning, Defendant continued to forward consumers intending to reach <forwardreviews.com> to <overdrive.com>.

On November 9, 2010, Mr. Vantusko called Plaintiff's counsel and again requested that Plaintiff pay for the transfer of the domain name. See **Exhibit E,** Deposition of Schaefer, pgs. 40-41. Plaintiff's counsel again attempted to explain cybersquatting law to Mr. Vantusko and urged Mr. Vantusko to consult with an attorney

8

that was well versed in the area. See **Exhibit E**, Deposition of Schaefer, pgs. 41-42. At his deposition, Plaintiff's counsel expressed his frustration with Mr. Vantusko's position,

> I had believed—you know, the prior letter had not made any financial demands at all of OverDrive. We just wanted the domain name transferred. During the conversation, it was clear they weren't going to transfer the domain name without monies paid, and I really had—you know, I try and make sure that people make smart decisions, to the extent I can. So he was basically telling me, go ahead and sue us; we don't care, and I didn't want that result. And, so, like I said, the last part of the conversation got more on even keel where I brought it back. I said, look it, Mike, forget everything that I'm telling you, okay? Instead of me filing this Complaint tomorrow, here is what I would like today. Let's take a step back. I will give you ten days. Go out and find an attorney who understands the ACPA so that you can get some advice and make a good decision. And, so, you know, I thought I was acting in good faith giving him this extra ten days, and instead he used the ten days to try to run to court and file a Complaint first, essentially, you know, giving me the finger.

See **Exhibit E,** Deposition of Schaefer, pgs. 43-44. Plaintiff sent a follow-up letter to Mr. Vantusko on November 9, 2010, which again implored him to consult with an attorney well versed in cybersquatting law:

> We believe that you should take this time to consult with an attorney to better understand cybersquatting law under the Anti-Cybersquatting

9

>Consumer Protection Act and the consequent liability that may result from your registration of our client's FORE WORD trademark in a domain name.

See **Exhibit D**, November 9, 2010 Letter to Vantusko. Instead of heeding this advice, however, OverDrive, in a bad faith race to the courthouse, filed a declaratory judgment action in Ohio.

OverDrive, despite being warned by Plaintiff on numerous occasions that its actions constituted cybersquatting, continued to willfully, deliberately, and maliciously forward consumers intended for <forwardreviews.com> to <overdrive.com> for over a year. See **Exhibit I,** Printout of DomainTools Hosting History. It was not until November 17, 2010, over a year later, that OverDrive began redirecting users to <forward.com>, the Jewish daily newspaper. As the Court recognized in its Order, "OverDrive's later decision to spite ForeWord by re-routing visitors to forward.com also demonstrates an intent to confuse ForeWord's potential customers by linking the book-review company to a Jewish daily newspaper." See January 19, 2012 Order Granting Summary Judgment (Doc # 61). OverDrive's redirection of consumers to <forward.com> was a bad faith, willful, malicious, and deliberate infringement intended to spite Plaintiff for its simple request to transfer a domain name in which OverDrive had no rights.

Additionally, Defendant recognizes that its actions were willful, deliberate, and malicious. At the January 9, 2012 hearing on Plaintiff's Motion for Summary Judgment, Defendant's counsel admitted that Defendant retained the domain name out of spite:

>THE COURT: Does your client have any legitimate use for the domain name?

> MR. POTASH: I'll take away the word legitimate. They don't have a use for the name. You're asking with why do they hold on? That was the first question that the plaintiff asked. Why do they hold on? As I said, maybe if they had been approached a little differently. You know, in hindsight as we are sitting here two years hence, you know, it may look silly. At the time, it may not have been that silly because of the split. You get marital couples who divorce and 20 years later they still argue over things. I'm not justifying it.

See **Exhibit K**, January 9, 2012 Hearing Transcript pg. 20, 11-20. When asked why Defendant forwarded the <forwardreviews.com> domain name to <forward.com>, the home of the Jewish daily newspaper Forward, Defendant replied,

> MR POTASH: After the [initial demand] letter came in, and I can't explain it, maybe it was thought to be cute, but for two days, as a result of getting that threat letter, they said all right, without solicitation, without knowledge, they decided to forward that domain name to the Jewish Daily Forward.

See **Exhibit N**, January 9, 2012 Hearing Transcript pg. 17, 1-7. Despite Defendant's characterization, however, Defendant forwarded the <forwardreviews.com> domain name to IP address 207.54.163.38, the IP address hosting the Forward newspaper, for over a month, from November 17, 2010 until December 31, 2010. See **Exhibit I**, Printout of DomainTools Hosting History. Thus, Defendant's own admissions make clear that Defendant willfully, maliciously, and deliberately disparaged and diluted Plaintiff's FORE WORD and FOREWORD REVIEWS trademarks.

11

Defendant's egregious and willful actions justify a finding of an "exceptional" case, and an award of attorneys' fees, under 15 U.S.C. § 1117(a). Courts deciding cases under the Anticybersquatting Consumer Protection Act have awarded attorneys' fees where the Defendant acted willfully and in bad faith with notice that its actions constituted cybersquatting. *See Silpada Designs, Inc. v. O'Malley*, Civ.A. 04-2402-CM, 2006 WL 2989235 (D. Kan. Oct. 19, 2006) ("By the time defendants registered silpadastyle.com, plaintiff's attorney had already contacted defendants several times and informed them that their use of plaintiff's trademarks was not fair use."); *see also Biocryst Pharms., Inc. v. Namecheap.com*, No. CV 05-7615 JFW (C.D. Cal. Nov. 21, 2006) ("The Court, finding that Defendant Patel has acted maliciously, fraudulently, deliberately, or willfully in registering domain names similar to Plaintiff's marks in order to divert members of the public who were trying to contact the Plaintiff, and that Plaintiff has been obliged to expend significant attorneys' fees to redress Defendant Patel's infringements, awards Plaintiff… its reasonable attorneys fees…."); *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 441 (4th Cir. 2001) cert. denied, 132 S. Ct. 575 (U.S. 2011) ("Here, the district court found that VCV's conduct was exceptional precisely because 'its actions in transforming the virtual city website into a women's fashion website after being made aware [by the ICANN decision] of the rights that NNHC had in the NEWPORT NEWS mark were clearly willful and deliberate."). Even where the Defendant changed the website after receiving an initial threat letter, courts have found that the Defendant's actions were willful and deliberate. *See Audi AG v. D'Amato*, 469 F.3d 534, 551 (6th Cir. 2006) ("However, even if we were to believe his

12

contention that the website changed to non-commercial use before the complaint was filed, this does not absolve D'Amato from liability.").

Where defendants, with prior knowledge of the plaintiff's trademark rights, willfully registered, used, and attempted to offer the domain name back to the plaintiff in exchange for consideration, courts have awarded attorneys' fees. *See Lahoti v. Vericheck, Inc.*, C06-1132JLR, 2007 WL 4269791 (W.D. Wash. Dec. 3, 2007) vacated, *Lahoti v. Vericheck, Inc.*, 586 F.3d 1190 (9th Cir. 2009); *see also Doctor's Associates, Inc. v. Subway.SY, LLC*, 733 F. Supp. 2d 1083, 1087 (D. Minn. 2010) ("Here, the Court has found defendant intended to deceive the public through his website."). Defendant's only justification for its retention of the <forwardreviews.com>, and its subsequent forwarding of consumers to its own website and the website of a third party, was unabashed spite. *See Pinehurst, Inc. v. Wick*, 256 F. Supp. 2d 424, 433 (M.D.N.C. 2003) ("Given Defendants' stated purpose for registering their domain names, namely to 'mess' with Plaintiff…the court finds that Defendants' conduct was willful and deliberate."). Thus, since Defendant registered, used, and trafficked in the <forwardreviews.com> domain name with prior notice of Plaintiff's trademark rights and with prior notice that Defendant's actions constituted cybersquatting, this is an exceptional case warranting the award of Plaintiff's attorneys' fees.

### c) Defendant agreed to pay Plaintiff's, as the prevailing party, its costs and attorneys' fees through its execution of the 2006 Settlement Agreement

Further, Defendant agreed to pay Plaintiff's costs and attorneys' fees through its execution of the 2006 Settlement Agreement. See **Exhibit A**, Settlement Agreement. Specifically, paragraph 12 of the Settlement Agreement provides, "The prevailing party in any litigation is entitled to all costs and attorneys fees related thereto." See **Exhibit A**,

13

Settlement Agreement. As the Court recognized in its January 19, 2012 Order Granting Summary Judgment on Count 1 of the Complaint (Doc # 61), "OverDrive expressly disclaimed all rights in the "FORE WORD" and "FOREWORD REVIEWS" trademarks when it signed the Settlement Agreement, and it has not alleged any rights in "forwardreviews" as a distinct mark." The Court additionally noted, "The Settlement Agreement's meaning is clear, and OverDrive's claimed interpretation of its is unreasonable." See January 19, 2012 Order (Doc # 16). Thus, the Court's January 19, 2012 Order, which holds that OverDrive does not have rights or legitimate interests in the <forwardreviews.com> domain name, serves as a *de facto* ruling that Defendant has breached the Settlement Agreement through its registration and use of the <forwardreviews.com> domain name and, consequently, Plaintiff is entitled to its costs and attorneys' fees pursuant to paragraph 12.

      For these reasons, Plaintiff requests that the Court award Plaintiff its costs in the amount of $3355.67 See **Exhibit L,** Affidavit of Victoria Sutherland. Additionally, Plaintiff requests that the Court award Plaintiff its reasonable attorneys' fees in the amount of $90.031.75 for Defendant's malicious, deliberate, and willful infringement See **Exhibit M**, Affidavit of John Di Giacomo; see also **Exhibit N**, Affidavit of Enrico Schaefer; **Exhibit O**, Affidavit of Pat Buttermore; **Exhibit P**, Affidavit of Cathy Dittrich.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court award Plaintiff preliminary injunctive relief, costs in the amount of $3,355.67, and attorneys' fees in the amount of $90,031.25.

Respectfully submitted this 8th day of February, 2012,

TRAVERSE LEGAL, PLC

/s/John Di Giacomo
Brian A. Hall (P70865)
John Di Giacomo (P73056)
TRAVERSE LEGAL, PLC
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February, 2012, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Lester S. Potash (admitted)
55 Public Square, Suite 1717
Cleveland, OH  44113-1901
(216) 771-8400
lsp@potash-law.com

*Attorneys for Defendant*

                                                /s/John Di Giacomo
                                                Brian A. Hall (P70865)
                                                John Di Giacomo (P73056)
                                                TRAVERSE LEGAL, PLC
                                                810 Cottageview Drive, Unit G-20
                                                Traverse City, MI  49686
                                                231-932-0411
                                                brianhall@traverselegal.com
                                                john@traverselegal.com

                                                *Attorneys for Plaintiff*