UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOREWORD MAGAZINE, INC., )
       Plaintiff, )
) No. 1:10-cv-01144
-v- )
) HONORABLE PAUL L. MALONEY
OVERDRIVE, INC., )
       Defendant. )
_____)

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF, ATTORNEYS' FEES, AND COSTS**

In this case, Plaintiff ForeWord Magazine, Inc. ("ForeWord") brought three claims against Defendant OverDrive, Inc. ("OverDrive"): (1) cybersquatting, under 15 U.S.C. § 1125(d); (2) unfair competition, under Mich. Comp. Laws §§ 445.901 *et seq.*; and (3) breach of contract, under Michigan common law. (ECF No. 1.) On summary judgment, the court found OverDrive liable under count I (ECF No. 61), and at trial, a jury apportioned damages of $74,500 under that claim. (*See* ECF No. 100.) The jury also found OverDrive liable for nominal damages and attorneys' fees under the breach-of-contract claim (count III). (*Id.*) The court deferred until after trial Defendant OverDrive's oral motion for judgment, under Rule 52, on ForeWord's second count. Remaining open for this court's decision are the issues of liability under count II, the availability of equitable relief under each of the counts, and the issue of attorneys' fees. The parties have filed post-trial briefing on each of these issues. (*See* ECF Nos. 101–02, 103–06.)

**I.    FINDINGS OF FACT**

Plaintiff ForeWord provides book-review services and produces a magazine called "ForeWord Reviews." ForeWord owns the registered trademark "FORE WORD" and owner of the common-law trademark "FOREWORD REVIEWS" and the Internet domain name

"forewordreviews.com." Since March of 2001, it has consistently used the mark "ForeWord Reviews" and the domain name "forewordreviews.com" as an indicator of a source for its magazine and book review services.

Defendant OverDrive creates and provides software and services related to electronic books ("e-books"). Its products and services allow publishers, libraries, schools, and retailers to deliver e-books to consumers while maintaining security and digital-rights management. It also allows consumers to retrieve and access those e-books.

In April 2001, ForeWord and OverDrive entered into an agreement to jointly "create an electronic marketplace for the development, distribution, and sale of on-line professional book reviews." In anticipation of this agreement, OverDrive registered the domain name "forewordreviews.com," with ForeWord's consent. To head off consumer confusion from misspellings, OverDrive also registered a confusingly similar domain name, "forwardreviews.com."

By July 2005, the parties' business relationship had turned sour, and OverDrive filed suit against ForeWord in the Court of Common Pleas for Cuyahoga County, asking for an accounting of their joint venture and other relief. In early 2006, the parties settled the lawsuit and terminated their joint venture. Under the terms of the Settlement Agreement ending the suit, executed February 6, 2006, OverDrive released any interest in the "FORE WORD" trademark and agreed to transfer the "forewordreviews.com" domain name to ForeWord. The Settlement Agreement also included the following release of claims:

> This Agreement is intended to release both ForeWord and OverDrive . . . of any and all claims by and between the parties, including both known and unknown claims, obligations and responsibilities of and between ForeWord and OverDrive, and any claims, obligations and responsibilities not known or anticipated which may later occur or be discovered, provided that they arise from any act, omission or

2

>occurrence prior to the execution of this Agreement; excepting those
>claims arising out of this Agreement.

The agreement did not discuss the "forwardreviews.com" domain, and OverDrive did not transfer that domain name to ForeWord.

In the years following the settlement, OverDrive did nothing with the "forwardreviews.com" name. The domain was a "dead end," giving visitors an error message, until October 2009, when OverDrive configured the domain name to reroute users to OverDrive's own website.

In July 2010, a newly hired employee at ForeWord accidentally typed the misspelled domain name into his web browser and reached OverDrive's site. After learning of this, ForeWord's co-owner and President, Victoria Sutherland, contacted OverDrive to discuss the domain name. She followed up on August 2, 2010 with a letter to Mr. Potash, asking OverDrive to transfer the domain name to ForeWord. In response, OverDrive's Chief Financial Officer, Michael Vantusko, called Sutherland on August 6, 2010, to discuss the issue, but the parties were not able to settle their dispute.

On August 25, 2010, Ms. Sutherland emailed Mr. Potash to follow up on the phone call with Vantusko. She stated that "while [Vantusko] did not name any particular price, he did assure me that the url . . . was not for sale for the price you paid for it." Later that day, Mr. Vantusko emailed Ms. Sutherland with an offer: if ForeWord donated $2,500 to the Friends of the Cleveland Public Library, OverDrive would transfer the domain name.

ForeWord declined this offer, instead bringing in its lawyers. In a letter dated October 25, 2010, ForeWord's counsel demanded that OverDrive transfer the domain and threatened suit if it refused. In a fit of pique, OverDrive's CEO, Steven Potash, rerouted the domain to "forward.com," the web site of Forward, the Jewish Daily. This rerouting lasted only several days before OverDrive

redirected the domain name once again to a dead end.

Another telephone call with Vantusko failed to resolve the dispute, and ForeWord followed up with another demand letter on November 9, 2010, giving OverDrive ten days to consider ForeWord's settlement offer.

Both parties then filed suit—OverDrive in the Court of Common Pleas of Cuyahoga County, Ohio, on November 12, and ForeWord in this court on November 18. The Ohio suit was removed to federal court and dismissed on grounds that this court was a better venue for the dispute.

## II.  CONCLUSIONS OF LAW

### A.  Count II – Michigan Consumer Protection Act

In count II of its complaint, ForeWord states a claim under the Michigan Consumer Protection Act. It alleges that by using the "forwardreviews.com" domain name, OverDrive created a likelihood of consumer confusion, damaging the goodwill associated with ForeWord's trademarks and unfairly profiting from ForeWord's marks. As a remedy, ForeWord asks for injunctive relief.

In relevant part, the Michigan Consumer Protection Act prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1). Specifically, the statute prohibits acts that cause "a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." *Id.* § 445.903(1)(a). Michigan courts have interpreted this section to be coextensive with a trademark claim under the Lanham Act and have instructed courts to apply the likelihood of confusion factors imported from that Act. *See Schreiber Mfg. Co., Inc. v. Saft Am., Inc.*, 704 F. Supp. 759, 769 (E.D. Mich. 1989) (finding that "the 'likelihood of confusion' standard applicable to the Michigan

Consumer Protection Act is the same as that involved in federal and state trademark law").

To establish a claim under this section, a Plaintiff must prove that it owns a valid trademark and that the Defendant's use of the mark is "likely to cause confusion among consumers regarding the origin of the goods offered by the parties. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997).

OverDrive does not dispute that ForeWord owns trademarks on the terms FOREWORD and FOREWORD REVIEWS. Nor does it dispute the likelihood of confusion element. It does, however, argue that it cannot be found liable under the Michigan Consumer Protection Act because its actions did not involve "trade or commerce," as required by section 445.903(1). OverDrive also argues that ForeWord cannot recover attorneys' fees under the Act because it has not proven a "loss" under section 445.911(2). The court will address these arguments in turn.

*1. "Trade or Commerce"*

OverDrive argues that ForeWord's unfair-competition claim is inapplicable to the circumstances here because even if it actions were "[u]nfair, unconscionable, or deceptive," they were not performed "in the conduct of trade or commerce," as required by statute. Mich. Comp. Laws § 445.903(1). The Act defines "trade or commerce" as "the conduct of a business providing goods, property, or service *primarily for personal, family, or household purposes* and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity." *Id.* § 445.902(g) (emphasis added). OverDrive argues that its primary business was commercial in nature, not in supplying goods or services for personal, family, or household purposes, and so it does not fall under the Act.

5

This argument fails. As the Michigan Court of Appeals has held, the words "primarily for personal, family, or household purposes" in the statute modify the phrase "goods, property, or service," not "the conduct of a business." *Noggles v. Battle Creek Wrecking, Inc.*, 395 N.W.2d 322, 324–25 (Mich. Ct. App. 1986). That is, to fall under the statute, a business must only provide goods, property, or services that are to be used primarily for personal, family, or household purposes. It need not be the defendant's primary business to supply such goods. *Id.* Here, OverDrive provides software and services that allow individuals to rent or borrow e-books. This fits the statute's requirement of a good, property, or service that is used "primarily for personal . . . purposes." Further, the statutory example of "sale, lease, or distribution of a service or property" would appear to fit OverDrive's business. For these reasons, the court finds that OverDrive's use of the "forwardreviews.com" domain name was "in the conduct of trade or commerce." ForeWord therefore prevails on this claim.

    *2.*  *Attorneys' Fees*

Second, OverDrive argues that ForeWord is not entitled to attorneys' fees under the statute, because it did not prove any actual damages from OverDrive's violation. The relevant part of the Act discusses claims for injunctive relief and claims for actual damages in different subsections:

> (1) Whether or not he seeks damages or has an adequate remedy at law, a person may bring an action to do either or both of the following:
>
> > (a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3.
> >
> > (b) Enjoin in accordance with the principles of equity a person who is engaging or is about to engage in a method, act, or practice which is unlawful under section 3.

> (2) Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees.

Mich. Comp. Laws § 445.911(1)–(2). Attorneys' fees are only mentioned in subpart (2), which deals with actions brought by "a person who suffers loss" from a violation of the Act. ForeWord argues that "loss" does not mean "damages," and so it has established this requirement by showing that OverDrive wrongfully retained and misused the domain name in a way that was likely to cause consumer confusion.

This argument fails even under ForeWord's broad construction of "loss." The plain language of the statute provides for attorneys' fees when a person brings an action seeking actual or statutory damages. ForeWord sought neither in its claim. As noted above, ForeWord's complaint only requested injunctive relief, which is governed solely by subsection (1) of section 445.911. ForeWord is therefore not entitled to attorneys' fees under the Michigan Consumer Protection Act.

### B. Injunctive Relief

ForeWord is entitled to injunctive relief under at least its first two claims. *See* 15 U.S.C. § 1116(a) ("[The courts] shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable . . . ."); Mich. Comp. Laws § 445.911(1), (1)(b) ("[A] person may bring an action to . . . [e]njoin [a violator] in accordance with the principles of equity . . . ."). It requests two items: (1) transfer of the "forwardreviews.com" domain name; and (2) an order "enjoin[ing] Defendant from using Plaintiff's trademarks, or any mark confusingly similar thereto, in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship,

7

or approval of Plaintiff's goods." The first is entirely in line with the principles of fairness that underlie the court's equitable powers. In addition, the Anticybersquatting Consumer Protection Act specifically allows for this relief: "a court may order . . . the transfer of the domain name to the owner of the mark" in a case "involving the registration, trafficking, or use of a domain name under this paragraph." 15 U.S.C. § 1125(d)(1)(C). The court will therefore enter such an injunction.

The second requested injunction, however, appears to simply restate the law regarding trademark infringement. As ForeWord notes, this relief "is coextensive with the standards established by Congress for the prevention of cybersquatting and trademark infringement." The court does not need to tell OverDrive not to infringe on ForeWord's copyrights; the law already does that. Further, as the court noted in an earlier order (ECF No. 75), ForeWord is only entitled to remedies for established harms. This case involves only one domain name, "forwardreviews.com," and the court declines to issue a remedy that reaches beyond the matters actually at issue here.

### C.     Attorneys' Fees Under the Anticybersquatting Consumer Protection Act

The Anticybersquatting Consumer Protection Act allows "[t]he court in exceptional cases [to] award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Under Sixth Circuit case law, "a case is not exceptional unless 'the infringement was malicious, fraudulent, willful, or deliberate.'" *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004) (quoting *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982)). "[T]rial judges are given considerable discretion" under this standard. *Hindu Incense*, 692 F.2d at 1051–52.

In granting summary judgment on ForeWord's cybersquatting claim, this court expressly found that OverDrive acted in bad faith (as an element of ForeWord's cybersquatting claim). This is sufficient to support an award of fees, though it does not compel such a finding. *Audi AG v.*

8

*D'Amato*, 469 F.3d 534, 551 (6th Cir. 2006) ("A finding of bad faith under the ACPA does not necessarily compel a court to find 'malicious, fraudulent, willful or deliberate' conduct. However, a court would be well within its discretion in determining that bad faith under the ACPA supports finding such conduct."). But the court's findings go further. As the court stated on summary judgment:

> Considering the statutory factors in light of the totality of the facts and the inferences from them read most favorably to OverDrive, the inescapable conclusion is that OverDrive acted in bad faith. It registered the domain name for purposes of its joint venture with ForeWord, not only knowing that "forwardreviews.com" would be confused with "forewordreviews.com," but *because of* that potential confusion. Since the joint venture broke up, OverDrive has never used the domain name for legitimate business; indeed, for much of this time, the domain name has essentially lain dormant. OverDrive has not tried to justify its later decision to re-route visitors to its own site, and even though the two companies provide somewhat different products and services, the overlap between them clearly evidences an attempt to increase OverDrive's own business using unwitting, potential ForeWord customers. OverDrive's later decision to spite ForeWord by re-routing visitors to forward.com also demonstrates an intent to confuse ForeWord's potential customers by linking the book-review company to a Jewish daily newspaper. OverDrive's refusal to simply give the domain name to ForeWord in exchange for its registration costs, even though it had no real connection to and no legitimate use for the domain name, further smacks of bad faith. Finally, OverDrive's undisputed counter-offer, to transfer the domain name in exchange for a $2,500 donation to a charity associated with its CEO, is an obvious attempt to squeeze some—any—benefit out of ForeWord, despite OverDrive's almost total lack of interest in keeping the domain name and using it legitimately.

(ECF No. 61, at 18 (emphasis added).)

These findings still hold after the presentation of evidence at trial. When ForeWord first approached OverDrive about the "forwardreviews.com" domain name, OverDrive offered to return it—for a fee. Even after ForeWord informed OverDrive of the legal arguments against its continued

holding and use of the domain, OverDrive refused to return it, instead rerouting visitors to the *Forward*, a Jewish newspaper, out of spite. OverDrive refused to return the domain name not out of any legitimate business purpose, nor based on any reasonable legal arguments that it was not in fact violating the law. Instead, it refused as "a matter of principle"—the principle, as far as the court can tell, of opposing ForeWord at every turn.

OverDrive argues that attorneys' fees are not proper here because this is a simple matter at heart and because ForeWord did not demonstrate any actual damages. But if anything, the simplicity of this case cuts against OverDrive, which continued to refuse to transfer the name to ForeWord even after the issues and relevant law became clear. The lack of actual damages, for its part, is also not a reason to find this case unexceptional. ForeWord's counsel should not be faulted for choosing the ACPA's statutory damages over any actual damages it could have proved—apparently a sagacious decision, given the jury's $74,500 award. OverDrive also points to its efforts (and ForeWord's alleged lack thereof) to resolve this dispute outside of court as reason that fees should not be awarded. But attempts to settle a case cannot excuse the willful and deliberate infringement that made the case necessary in the first place.

For these reasons, the court finds that this is an "exceptional" case under 15 U.S.C. § 1117(a) and awards reasonable attorneys' fees to ForeWord.

### D. Amount of Attorneys' Fees and Costs

ForeWord includes with its motion an accounting of its attorneys' fees and costs. (*See* ECF No. 104-1.) A determination of the amount of fees and costs due is premature, however, as judgment has not yet entered in this matter. *See* Fed. R. Civ. P. 54(d). Further, OverDrive asks for an opportunity to present argument regarding counsel's time entries, and under Rule 54(d)(2)(C)

"the court must, on a party's request, give an opportunity for adversary submissions on the motion" for fees. *Id.*

The court therefore declines to determine the amount of fees and costs at this time. After judgment enters in this matter, ForeWord may file a motion for attorneys' fees as provided by Fed. R. Civ. P. 54 and Local Rule 54.1, presenting its evidence in support of its billing entries and hourly rates. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (holding that fee determination should look to "the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate"); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). OverDrive may then respond as it sees fit. ForeWord may also file a separate bill of costs after judgment enters, again under the appropriate rules, after which OverDrive may move to disallow the objectionable elements as provided by Local Rule 54.1.

## IV. CONCLUSION

As discussed above, the court today finds Defendant OverDrive liable to Plaintiff ForeWord under Mich. Comp. Laws §§ 445.901 *et seq.* Under this and its other claims, ForeWord is entitled to have the "forwardreviews.com" domain name transferred to it. Because these findings dispose of ForeWord's remaining claims, the court will enter judgment against OverDrive in this matter. The court also finds that ForeWord is entitled to attorneys' fees under its Anticybersquatting Consumer Protection Act claim, as this matter qualifies as an "exceptional case" under 15 U.S.C. § 1117(a). The court declines to determine the amount of fees and costs owed to ForeWord, however, as these requests are not properly before the court today.

**ORDER**

Accordingly, **IT IS ORDERED** that:

(1) Defendant OverDrive's motion for judgment as a matter of law regarding Plaintiff's count II (Michigan's Consumer Protection Act) is **DENIED**;

(2) Plaintiff ForeWord's motion for permanent injunction, attorneys' fees, and bill of costs (ECF No. 103) is **GRANTED IN PART** as to the transfer of the "forwardreviews.com" domain name to Plaintiff ForeWord and **OTHERWISE DENIED**.

Judgment will be entered consistent with the court's factual findings and conclusions of law in this opinion and order.

**IT IS SO ORDERED.**

Date:   January 10, 2013                                    /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            Chief United States District Judge